# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DANIEL L. HANSON,**
        **Plaintiff,**

    **v.**                                   **Case No. 14-CV-750**

**HOLLY MEIER,**
**DR. SCOTT HOFTIEZER,**
**DR. C.E. LARSON,**
**FOX LAKE CORRECTIONAL INSTITUTION,**
**WARDEN RANDELL HEPP, and**
**JOHN DOE or JANE DOE, Bureau of Health Services Committee Chair**
        **Defendants,**

---

## DECISION AND ORDER

Plaintiff, Daniel Hanson, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, several other motions filed by the plaintiff, and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $11.30. He has also paid additional partial filing fees, for a total of $106.30. I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law.

Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

In his sworn complaint, plaintiff submits that the medical care he received in 2011 for foot pain constituted deliberate indifference. He was in physical therapy for his back and neck issues and was post-surgery on his back. He received a pair of prison issued shoes that caused plaintiff even more pain in his feet and joints. He had x-rays done, which revealed mild joint disease, or degenerative joint disease.

Plaintiff asked defendants Holly Meier and Dr. Larson to make his shoes a special need because the pain was unbearable. Plaintiff also wanted to see a podiatrist, which Dr. Larson recommended. However, a committee that plaintiff refers to as the special needs committee denied the request for a referral. Plaintiff's requests for treatment for foot pain started in 2010 and continued into 2012 and 2013. Throughout this time period, plaintiff kept Meier in the loop regarding his pain and suffering with his feet problems.

Dr. Larson told the committee that plaintiff was missing out on the only activity he can do because he has a number of other health issues, including arthritis in his hands and arms and prior back and hip surgeries. After the request for a referral was denied, Dr. Larson told plaintiff that the prison is trying to save money on medical expenses. The committee concluded that plaintiff had a fairly normal exam, but plaintiff submits that the pain is so bad that he can hardly walk.

A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. Edwards v. Snyder, 478 F.3d 827, 830 (7th Cir. 2007); Farmer v. Brennan, 511 U.S. 825, 834 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). A deliberate indifference claim based on inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." Edwards, 478 F.3d at 830 (quoting Greeno, 414 F.3d at 653). The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk." Greeno, 414 F.3d at 653 (citing Farmer, 511 U.S. at 834). Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference. Edwards, 478 F.3d at 830-31 (citing Estelle v. Gamble, 429 U.S. 97, 107 (1976); Greeno, 414 F.3d at 653; Estate of Cole by Pardue v. Fromm, 94 F.3d 254, 261 (7th Cir. 1996)). Yet, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. Id. (citing Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir.1996)).

At this stage, plaintiff has stated an Eighth Amendment medical care claim regarding his debilitating foot pain. I must consider, though, who the proper defendants should be. Only a defendant who is personally responsible for depriving plaintiff of a constitutional right may be held liable under § 1983. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008). It is not clear from plaintiff's complaint exactly who he would like to name so I will consider each of the possible defendants.

To the extent plaintiff may be naming Fox Lake Correctional Institution, the prison is a subdivision of the state and cannot be sued. See Lapides v. University of Georgia, 535 U.S. 613, 617-18 (2002); Will v. Michigan Department of State Police, 491 U.S. 58 (1989).

It appears that plaintiff named Dr. C.E. Larson, but the complaint does not allege that Dr. Larsen was deliberately indifferent in his care for plaintiff. In fact, he is the doctor who made the recommendation that plaintiff be referred to a specialist.

The complaint contains no allegations that Dr. Scott Hoftiezer was personally involved in plaintiff's care, but a possible interpretation of the section on defendants on page three of plaintiff's complaint is that Dr. Hoftiezer was the chair of the committee at Fox Lake that denied plaintiff's referral. I will allow plaintiff to proceed against Dr. Hoftiezer at this time.

Similarly, plaintiff may proceed against Warden Randell R. Hepp because plaintiff notes in his complaint that the warden was given notice on May 21, 2014. I interpret that at this stage to mean that plaintiff gave the warden notice of the situation and he failed to take action. Section 1983 does not allow actions against persons merely because of their supervisory roles. T.E. v. Grindle, 599 F.3d 583, 588 (7th Cir. 2010); Palmer v. Marion County, 327 F.3d 594 (7th Cir. 2003). However, it is well-established that "[a]n official satisfies that personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights." Fillmore v. Page, 358 F.3d 496, 506 (7th Cir. 2004) (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982) (emphasis added). There must be an underlying violation of the plaintiff's constitutional rights, though, and plaintiff must be able to show how and when a defendant received notice so the court may assess whether he had the opportunity to intervene.

Plaintiff may proceed on claims against Holly Meier, the Health Services Unit Supervisor, for her actions or failure to act. She is mentioned throughout the complaint and seems to have been personally involved in or aware of plaintiff's medical treatment at all relevant times.

Plaintiff also may proceed against a John Doe, the Chair of the Committee at the Bureau of Health Services who denied plaintiff's referral to a specialist. Once defendants have answered this complaint, plaintiff should promptly use discovery to attempt to identify this John Doe or Jane Doe and then move the court to substitute the defendant's name for John Doe or Jane Doe in the caption.

In summary, plaintiff may proceed on Eighth Amendment claims against Dr. Hoftiezer, Holly Meier, Warden Randell R. Hepp, and Jane Doe or John Doe regarding the failure to refer plaintiff to see a specialist for his foot pain.

Next, I will consider the other motions plaintiff has filed. He filed two motions to consolidate this case with two habeas corpus cases that were pending before me. Both of those cases are now closed, and they are in no way related to the medical care plaintiff received at Fox Lake Correctional Institution. I will deny these motions.

Plaintiff also filed a document and exhibits docketed as a motion seeking immediate injunctive relief and a motion for damages. This document is really a rambling request that the court allow plaintiff to proceed in this action, a request that the court retain plaintiff's original exhibits, and a review of plaintiff's claims in this case and in his petition for writs of habeas corpus cases. This document does not seek any relief that I am able to grant at this time in this case. I will deny these motions.

Finally, plaintiff filed a motion to amend/correct the complaint. Rather than a motion, this seems to be a portion of an amended complaint. However, it does not contain all of plaintiff's claims against all of the defendants. Nor does it seem to materially alter plaintiff's claims. As a result, I will deny this motion without prejudice.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed <u>in forma pauperis</u> (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate cases (Docket #3) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for immediate injunction order (Docket #6) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to consolidate cases (Docket #11) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for damages (Docket #11) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend/correct complaint (Docket #13) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the following are **DISMISSED** as defendants to this action: Fox Lake Correctional Institution, Dr. C.E. Larson.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice

for service on the following state defendants: Holly Meier, Scott A. Hoftiezer, Warden Randell R. Hepp.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $243.70 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and

entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of March, 2015.

s/ Lynn Adelman

_____
LYNN ADELMAN
District Judge