# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL L. HANSON,**

    **Plaintiff,**

  v.                          Case No. 14-CV-750

**HOLLY MEIER, et al.,**

    **Defendants.**

## ORDER

Daniel L. Hanson is a pro se plaintiff currently incarcerated at the Prairie du Chien Correctional Institution. On March 23, 2015, I found that plaintiff could proceed on his Eighth Amendment claims against defendants. Defendants filed their answer on May 21, 2015.

On June 12, 2015, plaintiff filed a motion for leave to amend his complaint. Plaintiff indicates that, while he believes he is still "automatically entitled to amend his petition" pursuant to Federal Rule of Civil Procedure 15(a), he nonetheless seeks the court's permission to cure "a zone of ambiguity" in his complaint that defendants' answer alerted him to. Plaintiff indicates he will submit a formal motion with a proposed amended complaint on June 30, 2015.

Plaintiff's current motion fails to adhere to Civil Local Rule 15(b), which requires that a motion to amend a pleading state specifically what changes are sought by the proposed amendments. The local rule also requires that the proposed amended pleading be attached to the motion. In light of these deficiencies, I will deny plaintiff's motion without prejudice.

Also, while I understand plaintiff's desire to have every detail of his case understood, I will note that I have already found that plaintiff successfully provided notice to defendants of the claims he purports to state against them. At this stage, that is all that is required. Complaints in a system of notice pleading initiate the litigation, but then fall into the background with later documents and filing refining the claims and "supply[ing] the legal arguments that bridge the gap between facts and judgments." Bartholet v. Reishauer A.G., 952 F.2d 1073, 1078 (7th Cir. 1992). Unless plaintiff desires to add additional parties or claims, I urge plaintiff to evaluate whether an amended complaint is really necessary.

Finally, should plaintiff decide to seek leave to file an amended complaint, I remind plaintiff that he has to put the docket number assigned to this case on the amended complaint, and must call it in the title, "Amended Complaint." An amended complaint replaces the prior complaint and must be complete in itself, without referring back to the original complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In Duda, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" Id. at 1057 (citation omitted). I will screen an amended complaint pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to file an amended complaint (Docket #31) is **DENIED WITHOUT PREJUDICE.**

Dated at Milwaukee, Wisconsin, this 16th day of June, 2015.

s/ Lynn Adelman
District Judge